UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Robert Thomas Williams, | ) | Civil Action No. 4:14-4170-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **O R D E R** |
| CAROLYN M. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Upon consideration of the Joint Stipulation for Attorney's Fees pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. §2412(d), it is hereby,

ORDERED that Plaintiff, Robert Thomas Williams, is awarded attorney fees under the EAJA in the amount of Four Thousand Dollars ($4,000.00) in attorney fees and Zero Dollars in expenses. The attorney fees will be paid directly to Plaintiff, Robert Thomas Williams, and sent to the business address of Plaintiff's counsel. Full or partial remittance of the awarded attorney fees will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exists, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).[1]

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

May 2, 2016
Greenville, South Carolina

---

[1] In *Astrue v. Ratliff,* 560 U.S. 586, 598 (2010), the United States Supreme Court held that the EAJA requires attorneys' fees to be awarded directly to the litigant. *Id*. (holding that the plain text of the EAJA requires that attorneys' fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).